**UNITED STATES of America,
Appellee,**

v.

**Lester SIMS, Defendant–Appellant.**

No. 03–1578.

United States Court of Appeals,
Second Circuit.

Aug. 18, 2004.

Amelio P. Marino, Marino & Veneziano, New York, NY, for Defendant–Appellant.

Marc P. Berger, Assistant United States Attorney, New York, NY, (David N. Kelley, United States, Attorney, on the brief, and Gary, Stein, Assistant United States Attorney), for Appellee, of counsel.

PRESENT: Hon. DENNIS JACOBS, Hon. SONIA SOTOMAYOR and Hon. PETER W. HALL, Circuit Judges.

*SUMMARY ORDER*

Defendant Lester Sims appeals from a 24–month sentence entered in the United States District Court for the Southern District of New York (Marrero, *J.*) after entering guilty pleas to one count of dealing in counterfeit obligations of the United States in violation if 18 U.S.C. § 473 and one count of producing counterfeit obligations of the United States in violation of 18 U.S.C. § 471. On appeal Sims argues that he was entitled to a downward departure under U.S.S.G. § 5H1.6 because of his family obligations, including the assistance he provides for his mother (with whom Sims lives) and the financial support he provides for his son (with whom Sims does not live).

"A district court's refusal to grant a downward departure is not appealable un-

less the court committed an error of law or misapprehended its power to depart." *United States v. Acevedo,* 229 F.3d 350, 356 (2d Cir.2000) (citation omitted). This Court applies "a presumption that district judges understand the much-discussed processes by which they may ... exercise discretion to depart from the sentence range prescribed by the Guidelines calculus," *United States v. Brown,* 98 F.3d 690, 694 (2d Cir.1996) (citation omitted), that can only be overcome by "the rare situation where the record provides ... clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority." *Id.* There is no such evidence.

For the foregoing reasons, Sims' appeal from the judgment of the district court is hereby DISMISSED.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* No. 04–104, and *United States v. Fanfan,* No. 04–105 (to be argued October 4, 2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not consider the waiver or substance of any issue concerning defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*